UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIEGO LIBREROS,

        Petitioner,

 -against-

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-cv-2526 (ENV)

Related Case: 03-cr-0960 (ILG)

VITALIANO, D.J.

  On January 7, 2004, petitioner Diego Libreros pled guilty to possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A) and, on November 10, 2004, Libreros was sentenced to imprisonment for a term of 70 months. See E.D.N.Y. Case No. 03-cr-0960 (Glasser, J.). On June 20, 2008, Libreros filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his transfer from Federal Prison Camp – Lewisburg to Metropolitan Detention Center – Brooklyn constituted a violation of his constitutional right to due process in light of the harsher conditions of incarceration at the latter facility. Petitioner's prayer for relief seeks reassignment to a federal prison camp or, in the alternative, a reduction of his sentence. By letter dated May 6, 2010, the government informed the Court that petitioner was released from federal custody on February 19, 2010 and, accordingly, requested that his petition be denied as moot.

  "Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a 'case or controversy.'" Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998); Baur v. Veneman, 352 F.3d 625, 631-32 (2d Cir. 2003) (citation omitted). If, at any time during litigation, a party does not "have an actual injury which is likely

1

to be redressed by a favorable judicial decision," the case does not satisfy the case-or-controversy requirement and is moot. United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999) (citing Spencer, 523 U.S. at 7, 118 S. Ct. at 983). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983); see United States v. Blackburn, 461 F.3d 259, 261 (2d Cir. 2006) ("[I]f an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] . . . must dismiss the case.") (internal quotation marks and citations omitted).

Petitioner's § 2241 habeas corpus petition is limited to "challeng[ing] the place of his imprisonment, including . . . the manner and conditions of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities)," Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006), and seeks principally injunctive relief in the form of transfer to another prison facility. Injunctive relief relating to conditions of imprisonment, however, cannot be granted if the petitioner is no longer confined in the facility identified in the request for relief. See Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008); see also Dawes v. Walker, 239 F.3d 489, 491 n.2 (2d Cir. 2001); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986). As petitioner has been released from custody altogether since the filing of his § 2241 petition, this Court can provide neither the relief requested nor any other form of "effectual relief" and, accordingly, that the petition must be denied as moot. Levine, 455 F.3d 71, 77-78 (2d Cir. 2006); see, e.g., Geddes v. Lindsay, No. 07-cv-5054, 2008 WL 2620129, at *3 (E.D.N.Y. July 1, 2008).

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus of Diego Libreros is dismissed with prejudice and the writ is denied. A certificate of appealability shall not issue. See 28

U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
August 5, 2010

ERIC N. VITALIANO
United States District Judge
